IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY BRIAN WHETSTONE, | : | CIVIL ACTION NO. |
| BOP No. 60921-019, | : | 1:13-CV-3446-WSD-ECS |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:09-CR-216-1-WSD-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

Federal inmate Anthony Brian Whetstone has filed a "Verified Petition for Enforcement of the Contract Between the Parties in the Nature of a Motion to Vacate Judgment Based on the Prosecution's Agreement that the Judgment is 1) Setoff, Settled & Closed, and 2) Void Ab Initio," together with a variety of "notices." See [Doc. Nos. 151-54]. For the following reasons, Mr. Whetstone's motion should be denied.

In May 2010, Mr. Whetstone pled guilty to robbery affecting interstate commerce, use of a firearm during a crime of violence, and armed bank robbery. See [Doc. No. 94]. Mr. Whetstone was sentenced to a 425-month term of imprisonment. See [Doc. No. 121]. Mr. Whetstone's direct appeal was dismissed after his appellate counsel failed to file record excerpts. See [Doc. No. 135].

In May 2012, Mr. Whetstone filed a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging, among other things, ineffective assistance by his appellate counsel. See [Doc. No.

137]. The undersigned recommended that relief be granted to the extent that the criminal judgment against Mr. Whetstone be vacated, the same sentence be reimposed, he be advised of his right to direct appeal, and he be advised of the time for filing a notice of appeal. See [Doc. No. 146 at 1 (citing United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2001))]. During the objection period for that Final Report and Recommendation, Mr. Whetstone filed a "Cancellation of Civil Action." [Doc. No. 148]. The Honorable William S. Duffey, Jr. construed Mr. Whetstone's "filing as a voluntary withdrawal of the § 2255 Motion" and denied the pending § 2255 motion without prejudice. See [Doc. No. 149]. Mr. Whetstone did not appeal from Judge Duffey's Order. Those proceedings were concluded in December 2012.

Ten months later, in October 2013, Mr. Whetstone submitted the "Verified Petition for Enforcement of the Contract Between the Parties in the Nature of a Motion to Vacate Judgment Based on the Prosecution's Agreement that the Judgment is 1) Setoff, Settled & Closed, and 2) Void Ab Initio" now pending before the Court. Mr. Whetstone also submitted (1) a "Notice of Demand & Demand for Mandatory Administrative & Judicial Notice of Petitioner's Beneficial Interests, Declaration of Trust & Trust Lien, and Assignment of Fiduciary/Trustee Obligations and Duties of All Judges, Commissioners, Magistrates, Prosecutors, Attorneys, &

Clerks of Court as Fiduciary Trustees & Petitioner's Appointment of the Same to Setoff, Settle and Close this Case/Account," (2) a "Notice & Demand for Mandatory Administrative & Judicial Notice of Contract Between the Parties and Evidence Thereof," and (3) a "Notice and Demand for Mandatory Administrative & Judicial Notice of Petitioner's Contractual Acceptance of Constitutions and Oaths of Office of all Judges, Commissioners, Magistrates, Attorneys and Clerks of Court."  [Doc. Nos. 152-54].

In his motion, Mr. Whetstone references a rule of civil procedure that provides for relief from a final judgment on the grounds that "the judgment has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(5).  Mr. Whetstone states that he "vehemently denies being a corporation or an animal" and states that "he is a living, breathing sentient Man, non-resident, not in contract, non[-]resident to the United States." [Doc. No. 151-3 at 2]. Mr. Whetstone "move[s] the Court for an Order discharging and vacating the judgment in this matter pursuant to the agreement between the parties that the replacement GSA bonds have discharged the liability in this matter, and further, that the judgment was void from the beginning." [Doc. No. 151 at 1-2].  Mr. Whetstone asserts that the United States Attorney for the Northern District of Georgia "ADMITS the payment received from the petitioner is good and sufficient to discharge the judgment in the above-entitled

3

case, and the [United States Attorney] ADMITS the court had NO SUBJECT MATTER JURISDICTION, therefore the judgment is void." See [id. at 3 (emphasis in the original)]. These contentions - and the remainder of Mr. Whetstone's claims (including that he was prosecuted in an "imposter administrative court," see [id. at 4] – are patently frivolous, unfounded, and, on the whole, nonsensical.[1]

Therefore, the undersigned **RECOMMENDS** that Mr. Whetstone's motion [Doc. No. 151] be **DENIED** and that the Court **CERTIFY** that he may not appeal in forma pauperis because any appeal in this case would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 29th day of October, 2013.

> *s/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

---

[1] Because Mr. Whetstone (1) voluntarily withdrew his earlier § 2255 motion, (2) then waited until long after the limitations period applicable to § 2255 motions expired, see 28 U.S.C. § 2255(f), and (3) now expressly disclaims that he is seeking relief under § 2255 (or any other habeas corpus statute), see [Doc. No. 151 at 2], the undersigned concludes that Mr. Whetstone's present motion should not be reconstrued as such.