## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:09-CR-216-1-WSD-CMS |
| ANTHONY BRIAN WHETSTONE, | : |
| Defendant. | : |

### FINAL REPORT AND RECOMMENDATION

This matter has been referred to the undersigned, *see* [163], for entry of a Report and Recommendation with respect to federal inmate Anthony Brian Whetstone's *pro se* "Verified Petition and Brief to Vacate Void Judgment; Motion for Judicial Notice; Notice of Subrogation & Demand for Payment," *see* [162].

In May 2010, Mr. Whetstone pleaded guilty armed bank robbery, robbery affecting interstate commerce, and use of a firearm during a crime of violence (two counts). *See* [94]. In February 2011, Mr. Whetstone was sentenced to a 425-month term of imprisonment. *See* [121]. When Mr. Whetstone's appellate counsel failed to file record excerpts, his direct appeal was dismissed in June 2011. *See* [135]. Mr. Whetstone's time to seek a writ of certiorari from the United States Supreme Court expired ninety days later, in September 2011. *See* Sup. Ct. R. 13.1. Judgment

against him became final at that time.  *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

In May 2012, Mr. Whetstone filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, alleging, among other things, ineffective assistance by his appellate counsel.  *See* [137].  A magistrate judge of this Court recommended that relief be granted to the extent that the criminal judgment against Mr. Whetstone be vacated, the same sentence be reimposed, and he be advised of his right to file a direct appeal within ten days.  *See* [146] at 1 (citing *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2001).  While that recommendation was pending, Mr. Whetstone filed a "Cancellation of Civil Action" stating that he did not "wish . . . to pursue any kind of civil out of time appeal" and asking that the Court "not . . . vacate the criminal judg[]ment."  [148] at 1.  Construing the "filing as a voluntary withdrawal of the § 2255 motion," the Court denied Mr. Whetstone's § 2255 motion without prejudice in December 2012.  *See* [149].

In October 2013, Mr. Whetstone filed a "Verified Petition for Enforcement of the Contract Between the Parties in the Nature of a Motion to Vacate Judgment Based on the Prosecution's Agreement that the Judgment is 1) Setoff, Settled & Closed, and 2) Void Ab Initio," together with three "notices."  *See* [152], [153] & [154].  The gist of Mr. Whetstone's 2013 filing was that this Court had lacked jurisdiction over him.  *See id.*

In June 2014, this Court denied Mr. Whetstone's "Verified Petition" as "frivolous, unfounded, and nonsensical" and certified that any appeal would not be taken in good faith.  *See* [159].

In August 2016, Mr. Whetstone filed the "Verified Petition and Brief to Vacate Void Judgment; Motion for Judicial Notice; Notice of Subrogation & Demand for Payment" now pending before the Court.  *See* [162].  Mr. Whetstone's 2016 filing, like his 2013 filing, boils down to a claim that this Court lacked jurisdiction over him when it accepted his plea and sentenced him in February 2011.  By way of example, Mr. Whetstone argues that he "is not a party to any valid international maritime contract" and that he is "the ultimate authority in this Court." [162] at 2.  By way of further example, Mr. Whetstone argues that as a "living man," he is not subject to federal statutes, and that this Court as a "private, for-profit

corporate entit[y] ha[s] nothing to do with the *de jure* republic of the people, and as such ha[s] no lawful authority over Petitioner." *Id.* at 3 & 6. Mr. Whetstone continues at length in this vein, making what further arguments that he is a "sovereign citizen." *Id.* at *passim.* Mr. Whetstone demands that this Court vacate its "void" judgment, order his release from confinement, expunge his criminal record, and issue him a check. *Id.* at 17.

The Court should deny Mr. Whetstone's motion for several reasons.

First, Mr. Whetstone filed a § 2255 motion in May 2012 challenging this Court's 2011 judgment and sentence. Mr. Whetstone then elected voluntarily to withdraw that motion, and he consequently was not awarded any relief under that motion. Accordingly, Mr. Whetstone is preclude from filing a "second or successive" § 2255 motion without the requisite pre-approval from the United States Court of Appeals for the Eleventh Circuit, which he does not appear to have requested or received. *See* 28 U.S.C. § 2255(h); *see also Stewart v. United States*, 646 F.3d 856, (11th Cir. 2011) (applying *Panetti v. Quarterman*, 551 U.S. 930 (2007), and treating the availability of a claim at the time of filing of an earlier-filed § 2255 motion as determinative of whether a later-filed § 2255 motion is "second or successive"). In the absence of such pre-approval, this Court "lacks

jurisdiction" to consider a "second or successive" § 2255 motion from Mr. Whetstone.  *See, e.g., United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Second, even assuming that Mr. Whetstone's latest motion is not "second or successive" motion" and can appropriately be construed as a § 2255 motion, the Court still should not consider it because it is plainly untimely.  A one-year limitation period applies the filing of § 2255 motions, running in most cases from the date the challenged judgment became final.  See 28 U.S.C. § 2255(f).  Here, the judgment that Mr. Whetstone seeks to challenge became final in September 2011, but he waited until July 2016 to file this motion.  *See* [162] at 21.

Third, no matter what procedural vehicle Mr. Whetstone uses to make his argument that this Court lacked jurisdiction over him, that argument is frivolous and his motion should be denied. *See, e.g.*, *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) ("Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction.  The defense has 'no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).  *See also United*

*States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting in dicta that courts "confronted" with sovereign citizen claims "have summarily rejected their legal theories as frivolous").

Accordingly, the undersigned **RECOMMENDS** that Mr. Whetstone's motion not be reconstrued as a § 2255 motion and that, however construed, it be **DENIED**.

The undersigned further **RECOMMENDS** that the Court **CERTIFY** that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to terminate the referral of this motion to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 6th day of October, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE