**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ANTHONY BRIAN WHETSTONE,**<br>      **Defendant.** | 1:09-cr-216-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [164] ("R&R"). The R&R recommends the Court deny Movant Anthony Brian Whetstone's ("Movant") "Verified Petition and Brief to Vacate Void Judgment; Motion for Judicial Notice; Notice of Subrogation & Demand for Payment" [162] ("Motion").

**I.    BACKGROUND**

In May 2010, Movant pleaded guilty to armed bank robbery, robbery affecting interstate commerce, and two counts of use of a firearm during a crime of violence. ([94]). In February 2011, Movant was sentenced to a 425-month term of imprisonment. ([121]). In June 2011, Movant's direct appeal was dismissed. ([135]). Ninety days later, in September 2011, Movant's time to seek a writ of

certiorari from the United States Supreme Court expired.  See Sup. Ct. R. 13.1.  When the time to file expired, judgment against Movant became final.  See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitation period starts to run when the time for seeking such review expires.").

In May 2012, Movant filed a timely motion ("2012 Motion") under 28 U.S.C. § 2255 to vacate his sentence, alleging, among other things, ineffective assistance by his appellate counsel.  (See [137]).  Magistrate Judge E. Clayton Scofield III recommended that relief be granted to the extent that the criminal judgment against Movant be vacated, the same sentence be re-imposed, and he be advised of his right to file a direct appeal within ten days.  (See [146] at 1 (citing United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2001)).  While that recommendation was pending, Movant filed a "Cancellation of Civil Action" stating that he did not "wish . . . to pursue any kind of civil out of time appeal" and asking that the Court "not . . . vacate the criminal judg[]ment."  ([148] at 1).  Construing the "filing as a voluntary withdrawal of the § 2255 motion," the Court, on December 19, 2012, denied, without prejudice, Movant's Section 2255 motion.  ([149]).

In October 2013, Movant filed a "Verified Petition for Enforcement of the Contract Between the Parties in the Nature of a Motion to Vacate Judgment Based on the Prosecution's Agreement that the Judgment is 1) Setoff, Settled & Closed, and 2) Void Ab Initio," together with three "notices." ([152], [153], [154]). The essence of Movant's 2013 filing was that the Court had lacked jurisdiction over him. (See id.). In June 2014, the Court denied Movant's "Verified Petition" as "frivolous, unfounded, and nonsensical" and certified that any appeal would not be taken in good faith. ([159]).

On August 8, 2016, Movant filed his Motion. In the Motion, Movant again argues the Court lacked jurisdiction over him when it accepted his plea and sentenced him in February 2011. Movant argues that he "is not a party to any valid international maritime contract" and that he is "the ultimate authority in this Court." ([162] at 2). Movant argues that as a "living man," he is not subject to federal statutes, and that this Court, as a "private, for-profit 4 [sic] corporate entit[y] ha[s] nothing to do with the de jure republic of the people, and as such ha[s] no lawful authority over Movant." (Id. at 3, 6). Movant further argues that he is a "sovereign citizen." (Id. at *passim*). Movant demands that the Court vacate its "void" judgment, order his release from confinement, expunge his criminal record, and issue him a check. (Id. at 17).

On October 6, 2016, Magistrate Judge Salinas issued her R&R.[1]  The Magistrate Judge recommends that the Court deny Movant's Motion, because (1) to the extent the Motion should be construed as a Section 2255 motion, Movant failed to obtain approval from the United States Court of Appeals for the Eleventh Circuit to file a "second or successive" Section 2255 motion; (2) even assuming the Motion is not second or successive, the Motion is untimely under the one-year limitation period that applies to Section 2255 motions; and (3) Movant's argument that the Court lacked jurisdiction over him is frivolous.  Movant did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Where, as here, no party objects to the R&R, the Court conducts a plain error

---

[1]    On October 3, 2016, Movant's Motion was submitted to Magistrate Judge Salinas.

review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.   Analysis

The Magistrate Judge recommends that the Court deny Movant's Motion, including because, to the extent the Motion should be construed as a Section 2255 motion, Movant failed to obtain approval from the United States Court of Appeals for the Eleventh Circuit to file a "second or successive" Section 2255 motion. Courts generally consider the circumstances surrounding a prisoner's decision to dismiss or withdraw a Section 2255 motion in determining whether that motion may subject the movant to the successive requirements under the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.  There is a

> division between cases in which the [prisoner] withdraws his petition before he has any reason to think it is going to be denied (maybe he realizes that because of lack of legal assistance he cannot articulate his legal claim) and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied.

Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000).  For instance, courts have found that a motion does not count as a first Section 2255 Motion where the prisoner moves to withdraw before being apprised of the government's position. See, e.g., Garrett v. United States, 178 F.3d 940, 943 (7th Cir. 1999).  Here, with respect to Petitioner's 2012 motion, Petitioner was apprised of the government's

5

position and Magistrate Judge E. Clayton Scofield III recommended that Movant be granted relief to the extent that the criminal judgment against Movant be vacated, the same sentence be re-imposed, and he be advised of his right to file a direct appeal within ten days.  (See [146] at 1).  The Court finds Movant's 2012 Motion qualified as his first Section 2255 Motion.  Petitioner's instant Motion, which argues grounds that could have been brought in the 2012 Motion, is second or successive, and Movant was required to seek approval from the United States Court of Appeals for the Eleventh Circuit prior to filing his Motion.  See 28 U.S.C. § 2255(h).

The Magistrate Judge next found that, even if Movant's Motion was not second or successive, it is untimely under the one-year limitations period that applies to Section 2255 Motions.  Finally, the Magistrate Judge determined that, even if the Motion was not procedurally defective, Movant's argument that the Court lacked jurisdiction over him is frivolous and his motion should be denied.  The Court agrees.  See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (courts "confronted" with sovereign citizen claims "have summarily rejected their legal theories as frivolous.").  The Magistrate Judge recommends the Court not construe Movant's Motion as a Section 2255 motion and that the Court

deny the Motion. The Court finds no plain error in these findings and recommendations, and Movant's Motion is denied. See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends that the Court certify that any appeal would not be taken in good faith. An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). The Court finds no plain error in the Magistrate Judge's findings and recommendation, and the Court certifies that any appeal would not be taken in good faith. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [164] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Anthony Brian Whetstone's ("Movant") "Verified Petition and Brief to Vacate Void Judgment; Motion for Judicial Notice; Notice of Subrogation & Demand for Payment" [162] is **DENIED**. The Motion is not construed as a motion under 28 U.S.C. § 2255.

The Court, under 28 U.S.C. § 1915(a)(3) **CERTIFIES** that any appeal would not be taken in good faith.

7

**SO ORDERED** this 28th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE